Carla G. McClurg, CSB 227738
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Telephone: (503) 326-7659

Attorney for Robert D. Miller Jr., Region 18 United States Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Paul Brenneke Qualified Personal Residence Trust UDT,<br><br>Debtor | Case No. 11-31975-tmb11<br><br>UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE |

The United States Trustee, Robert D. Miller Jr. (the "UST"), by and through Trial Attorney Carla G. McClurg, submits this memorandum in support of his Motion to Dismiss or Convert Chapter 11 case filed separately herewith.

## **FACTUAL HISTORY**

In or about 2001, Paul Brenneke ("Brenneke") purchased real property located at 11710 SW Summerville Avenue, Portland, OR (the "Residence"). On or about November 5, 2004, Brenneke signed a trust agreement to create the Paul Brenneke Qualified Personal Residence Trust UDT (the "Trust") by which he transferred the Residence to the Trust to create an irrevocable qualified residence trust within the meaning of the Internal Revenue Code. The Trust terminates on the earlier of November 5, 2029, or the date of Brenneke's death. Brenneke, his children, and his wife, Elene Dunavan ("Dunavan") have lived in the Residence since Brenneke

Page 1 - UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

purchased it.

The beneficiaries of the Trust are Brenneke's minor children. Under the trust agreement, the trustee of the Trust is prohibited from holding any assets other than the Residence, policies of insurance on the Residence, and funds contributed or paid for the maintenance, improvement, or sale of the Residence.

Brenneke's brother, Thomas Brenneke ("Thomas"), agreed to serve as the trustee. By or before January 2011, the relationship between Brenneke and Thomas had deteriorated. In or about January 2011, Brenneke through his attorney Robert S. Simon requested that Thomas resign as trustee of the Trust, and Thomas refused to resign.

On or about March 1, 2011, Brenneke signed an Amendment of the Paul Brenneke Personal Residence Trust (the "Amendment") purporting to make several amendments to the Trust. The purported amendments included adding language providing:

> The assets of the Trust shall be used for business purposes. The Trustee shall manage the income from the earnings of the Trust which is derived from the investment of the proceeds of the equity of the Residence, and such investment income shall first be used to make all payments due on the Residence, and second reinvested to generate more income for the Trust, all for the purpose of creating a business income stream for the Trust.

The purported amendments also included the following: "If Thomas Brenneke is or becomes unwilling or unable to serve as Trustee, then Jimmy Drakos shall automatically be appointed to serve." Jimmy Drakos ("Drakos") is a long-time family friend and business associate of Brenneke.

The Residence was scheduled to be sold at a foreclosure sale on March 17, 2011 pursuant to a Notice of Default recorded on November 5, 2010.

This case was commenced by the filing of an involuntary petition against the debtor by the Z&A Irrevocable Trust UDT (the "Z&A Trust"), Elene Dunavan ("Dunavan"), Victor Le Nettoyeur LLC, and D&J Remodeling on March 14, 2011

against the Trust.

Drakos was listed on the involuntary petition as the trustee of the Z&A Trust and as the manager of Victor Le Nettoyeur, LLC. The beneficiaries of the Z&A Irrevocable Trust are Brenneke's minor children. Dunavan is Brenneke's wife and mother of the beneficiaries of the Trust. Victor Le Nettoyeur LLC is owned as follows: 99 percent by the Z&A Trust and 1 percent by the Dunavan Family Trust UDT (the "Dunavan Trust"). Dunavan is the trustee of the Dunavan Trust.

On the involuntary petition, Drakos represented that the Z&A Trust held a claim of $1,979,949 against the Trust and that Victor Le Nettoyeur, LLC held a claim of $157,096 against the Trust. Dunavan represented on the involuntary petition that she held a claim of $1.2 million against the Trust. Dave Jones represented on the involuntary petition that D&J Remodeling held a claim of $367,511 against the Trust.

Mr. Simon signed the involuntary petition as the attorney for the Z&A Trust, Victor Le Nettoyeur, LLC, and Dunavan. On the petition date, the State of Oregon Circuit Court for the County of Multnomah entered an order authorizing Mr. Simon to withdraw as counsel for the Trust (i.e., the debtor) in a civil foreclosure action entitled <u>Western Pacific Building Materials, Inc. v. David McPherson Jones dba D&J Remodeling, et al.</u>, Case No. 0904-05801. The Trust and two petitioning creditors were named as defendants in the civil foreclosure action.

An involuntary summons was issued by the court on March 15, 2011. On or about March 21, 2011, Thomas resigned as trustee of the Trust due to the Trust's agreement to indemnify him on account of his personal guaranty of a loan in default from Frontier Bank[1] secured by the Residence. On April 4, 2011, Mr. Simon filed a Certification of Service indicating that Thomas, as trustee of the Trust, had been served personally with the summons and involuntary petition on April 1, 2011. Even though

---

[1] The UST understands this note is now held by Union Bank. See Schedule D.

Thomas had resigned, Mr. Simon filed a Memorandum on April 4, 2011 indicating that Thomas, as the trustee of the Trust, was the person to perform the duties of the debtor.

On May 4, 2011, Mr. Simon filed a Motion to Enlarge Time to Answer Summons on behalf of Victor Le Nettoyeur LLC, the Z&A Trust, Dunavan, and David Jones (the principal of D&J remodeling) requesting a 60-day extension of time for the Trust to file an answer to the involuntary petition. The stated reason for the extension was that the "moving party" became aware that the trustee for the Trust and the alternative trustee had resigned, and the Trust needed additional time to respond until a replacement trustee could be appointed. On May 12, 2011, the court entered an order extending the deadline for the Trust to answer the involuntary petition through and including July 5, 2011.

On or about July 4, 2011, Dunavan agreed to serve as trustee for the Trust and signed a Resolution and Amendment accepting her appointment as trustee. On July 5, 2011, a letter dated July 4, 2011 signed by Dunavan was filed with the court. In the letter, Dunavan represented that she would "drop" her claim against the Trust and was appointed as the new trustee. Dunavan requested additional time to locate an attorney to represent the Trust. Pursuant to an order entered on July 21, 2011, the court extended the deadline for the filing of an involuntary answer through August 5, 2011.

On August 5, 2011, the Trust filed an answer to the involuntary petition representing that it was not paying its bills as they became due and requesting that an order for relief be entered. An order for relief under chapter 11 was entered on August 8, 2011.

On or about August 22, 2011, Dunavan signed schedules, Statement of Financial Affairs, and related documents (the "Bankruptcy Documents") under penalty of perjury on behalf of the Trust. The Bankruptcy Documents were filed on August 22, 2011. The Bankruptcy Documents reflect that the assets of the Trust include the Residence valued at $4.2 million; a note payable owed by GM Pine Street Garage Fund, LLC in the

amount of $1,068,271; and claims against Thomas valued at $1 million. Schedule D reflects a total of $5,157,752.14 in claims secured by the Residence. Schedule D reflects two unsecured claims for construction work in the total amount of $442,511.00.

Dunavan testified under oath as representative of the Trust at the meeting of creditors on September 12, 2011. At the meeting of creditors, Dunavan testified that she agreed to accept the appointment as trustee of the Trust in order to save the Residence from foreclosure. At the meeting of creditors, Dunavan testified that her position had changed since the petition date. When asked about the basis for the debt Dunavan listed on the involuntary petition of $1.2 million, she testified that she was not sure. Dunavan speculated that the debt had to do with monies she and Brenneke borrowed that were thereafter loaned to Thomas. Dunavan testified that she did not make any demands for payment on the debt to the Trust. Dunavan testified that it was Brenneke's idea that she join the involuntary petition as a creditor.

Dunavan testified that the only income of the Trust consists of funds provided by Brenneke. No cash or bank accounts were listed on Schedule B. Dunavan testified that Schedule B was correct in not disclosing any cash or bank accounts. Dunavan testified that the $500 deposited into the Trust's debtor-in-possession account was contributed by Brenneke. Dunavan testified that she believed that the mortgage payment on the Residence was approximately $18,000 per month and that a payment had not been made for approximately one year.

Dunavan testified that she was not sure how the value of $4.2 million for the Residence listed on Schedule A was determined. Dunavan testified that she assumed that Brenneke determined the value listed on Schedule A.

Dunavan testified that she did not have any knowledge about the note payable owed by GM Pine Street Garage Fund, LLC to the debtor listed on Schedule B valued at $1,068,271. Dunavan testified that Brenneke would have information regarding the note

Page 5 - UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

Case 11-31975-tmb11    Doc 40    Filed 09/21/11

payable. Dunavan also testified that she believed Brenneke is the principal of GM Pine Street Garage Fund, LLC.

GM Pine Street Garage, LLC[2] filed a voluntary chapter 11 petition in the Western District of Washington on June 23, 2011, Case No. 11-17493-KAO. The bankruptcy case for GM Pine Street Garage, LLC is still pending. The Trust is not listed as a creditor on the schedules for GM Pine Street Garage, LLC. Drakos signed the petition, schedules, and Statement of Financial Affairs on behalf of Willamette Capital Group LLC, the manager of GM Pine Street Garage, LLC. The mailing address for GM Pine Street Garage, LLC is: c/o Robert S. Simon, Sellwood Station, Portland, OR 97282-1035.

Regarding the claim against Thomas in the amount of $1 million listed on Schedule B, Dunavan testified that she thought the claim related to monies loaned to Thomas that were not repaid. Dunavan testified that she was not involved in the transaction and that Brenneke would have information regarding the transaction. Despite Dunavan's unfamiliarity with the basis of the claim against Thomas, she testified that the Trust intends to fund its plan by pursuing the claim against Thomas.

### III. LEGAL ANALYSIS

**Dismissal under 11 U.S.C. § 1112(b) for Cause**

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O). Pursuant to 11 U.S.C. § 307, the United States Trustee may raise, appear, and be heard on any issue in any case or proceeding under Title 11.

---

[2] The UST intends to conduct discovery regarding whether GM Pine Street Garage, LLC is the same entity as GM Pine Street Garage Fund LLC. According to the Oregon Secretary of State website, neither entity is organized in Oregon. The Washington Secretary of State website indicates that GM Pine Street Garage, LLC is a Delaware limited liability company.

**A. Cause for dismissal of this case is established.**

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes "cause." The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") expanded the definition of "cause" for relief under § 1112(b) and limited the court's discretion under section 1112(b) once the movant establishes cause. See 11 U.S.C. §§ 1112(b)(1), (b)(2). Prior to BAPCPA, section 1112(b) provided that a court "may" convert or dismiss a chapter 11 case for cause. See In re Prods. Int'l Co., 395 B.R. 101, 108 (Bankr. D. Ariz. 2008).

Section 1112(b) includes a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); see In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368 (9th Cir. BAP 2000) (the list of cause in section 1112(b) is illustrative rather than exhaustive).

**1. Lack of Eligibility**

Although not enumerated in § 1112(b)(2), lack of eligibility to be a debtor is cause for dismissal. Only a "person" as defined by 11 U.S.C. § 101(41) may be a debtor under Title 11. 11 U.S.C. § 109(a). A "person" includes an individual, partnership and corporation. 11 U.S.C. § 101(41). A "corporation" is defined to include a business trust. 11 U.S.C. § 101(9)(A)(v). A trust is therefore eligible for relief under Title 11 only if it is a business trust. See In re Hunt, 160 B.R. 131, 135 (9th Cir. BAP 1993).

Bankruptcy courts have consistently denied family and estate planning trusts the standing to pursue bankruptcies. See In re Sung Soo Rim Irrevocable Intervivos Trust, 177 B.R. 673, 678 (Bankr. C.D. Cal. 1996). Unlike business trusts, family and estate planning trusts are almost always governed by state probate and estate laws, which offer an alternative forum for resolution of problems arising under the trust. Id. at 678. The

burden of establishing eligibility lies with the party filing the bankruptcy petition. <u>In re the Karoly Vandel Foldesi and Margaret Foldesi Family Land Trust #3</u>, 2003 WL 25273865 (Bankr. D. Idaho 2003) (Case No. 02-03410) (citing <u>Montgomery v. Ryan</u> (<u>In re Montgomery</u>), 37 F.3d 413, 415 (8th Cir. 1994)).

Functional tests for identifying business trusts include a demonstrated business purpose, transferability of interests, and continuity of existence uninterrupted by death among beneficial owners. <u>In re Sung Soo Rim Irrevocable Intervivos Trust</u>, 177 B.R. at 677.

The Trust is an irrevocable qualified residence trust. Under the original trust agreement, the assets of the Trust were limited to the Residence, policies of insurance on the residence, and funds contributed or paid for the maintenance, improvement, of sale of the Residence.

In this case, the Trust consented to the entry of an order for relief and has the burden of establishing its eligibility to be a debtor. The language in the Amendment regarding the Trust assets being used for a business purpose is without substance. The Trust was established for purpose of holding the Residence for the benefit of Brenneke's children and for tax planning. The Trust has no income other than amounts contributed by Brenneke. The Trust's purpose is not a business purpose. Therefore, the Trust is not eligible to be a debtor under Title 11.

**2. Bad Faith**

Although not enumerated in § 1112(b)(2), lack of good faith in filing a chapter 11 petition establishes cause for dismissal. <u>In re Marsch</u>, 36 F.3d 825, 828 (9th Cir. 1994). "The existence of good faith depends on an amalgam of factors and not upon a specific fact." <u>Id</u>. (citing <u>In re Arnold</u>, 806 F.2d 937, 939 (9th Cir. 1986)). The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis. <u>Id</u>. Collusion in the filing of a

Page 8 - UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

Case 11-31975-tmb11    Doc 40    Filed 09/21/11

bankruptcy petition is cause for dismissal if there appears to be concerted action between the debtor and petitioning creditors and these parties fraudulently invoke the jurisdiction of the bankruptcy court. In re Valdez, 250 B.R. 386, 390 (D. Or. 1999).

This case was commenced in bad faith. It appears that the involuntary petition was filed to force Thomas to resign as trustee of the Trust and to save the Residence from foreclosure. All of the petitioning creditors, except D&J Remodeling, include the persons residing in the Residence or entities owned or controlled by them. The beneficiaries of the Trust are also the beneficiaries of the Z&A Trust, a petitioning creditor and holder of an interest in 99 percent of Victor Le Netoyeur LLC, another petitioning creditor. Dunavan testified at the meeting of creditors that it was Brenneke's idea that she sign the involuntary petition as a creditor, and she was unable to articulate the basis of her claim listed on the involuntary petition.

Mr. Simon has represented the Trust, Brenneke, the Z&A Trust, Victor Le Netoyeur LLC, Dunavan, and, possibly, D&J Remodeling as their attorney. Mr. Simon's representation of the Trust through the eve of the filing of the involuntary petition and representation of creditors filing the involuntary petition against the Trust further supports the conclusion that the Trust and most of the creditors that signed the involuntary petition colluded to improperly invoke the protections of the Bankruptcy Code.

**3. Substantial or Continuing Loss to or Diminution of the Estate and the Absence of A Reasonable Likelihood of Rehabilitation**

Under § 1112(b)(4)(A), "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" constitutes cause for the dismissal or conversion of a chapter 11 case. Therefore, under § 1112(b)(4)(A), the movant must establish both (i) a continuing loss to or diminution of estate assets, and (ii) an absence of a reasonable likelihood of rehabilitation. In re Wahlie, 417 B.R. 8, 11

(N.D. Ohio 2009). In determining if there is a loss or diminution of estate assets, the court considers whether the debtor has suffered or continues to experience negative cash flow, or, alternatively, declining asset values. Id.

The Trust has not made a mortgage payment on the Residence for approximately a year. The Trust did not have cash or bank accounts on the petition date. The Trust does not have any income other than what Brenneke contributes. There is no equity in the Residence. Dunavan could not provide information at the meeting of creditors regarding the note payable owed by GM Pine Street Garage Fund, LLC or the claim against Thomas listed on Schedule B. It appears that GM Pine Street Garage Fund, LLC is the same entity as GM Pine Street Garage, LLC, the debtor in a Washington bankruptcy case in which the Trust is not listed as a creditor. Thomas may assert an indemnity claim against the Trust and dispute liability on the claim listed on Schedule B. The Trust's intention to fund its plan by pursuing the claim against Thomas is speculative at best. The Trust should not be permitted to remain in chapter 11 to pursue a speculative and likely contentious claim better suited for resolution in state court.

**B.     Dismissal is in the best interests of creditors and the estate**.

Pursuant to § 1112(b)(1), once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." In re Owens, 552 F.3d 958, 959 (9th Cir. 2009). Dismissal of this case would be in the best interests of creditors. The total amount of secured claims substantially exceed the value of the Residence. Recovery on the note by GM Pine Street Garage Fund, LLC and on the claim against Thomas would be speculative at best. Moreover, the Trust is not eligible to be a debtor under any chapter of the Bankruptcy Code.

## IV. CONCLUSION

This case should be dismissed. The Trust is not eligible to be a debtor under the Bankruptcy Code. The involuntary petition was filed as a result of collusion between

the Trust and certain creditors. The Trust has no assets other than the Residence and speculative claims.

DATED this 21st day of September, 2011.

Respectfully submitted,

ROBERT D. MILLER JR.
United States Trustee

/s/ Carla G. McClurg
CARLA G. McCLURG, CSB# 227738
Trial Attorney

Page 11 - UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2011, I served a copy of the foregoing UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Paul Brenneke Qualified Personal Residence Trust UDT
710 NW 14th Ave, 2nd Fl
Portland, OR 97209

Jones Dave D&J Remodeling
20672 NW Quail Hollow
Portland, OR 97229

ROBERT D. MILLER JR.
United States Trustee

/s/ Carla G. McClurg
CARLA G. McCLURG, CSB 227738
Trial Attorney